**Electronically Filed**
**Intermediate Court of Appeals**
**29866**
**15-OCT-2010**
**09:25 AM**

NO. 29866

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAINOA PALANI KIM, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 02-1-0635(2))

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Kainoa Kim (**Kim**) appeals from the Order of Resentencing/Revocation of Probation (**Revocation Order**) entered by the Circuit Court of the Second Circuit (**Circuit Court**) on May 7, 2009.[1]  On appeal, Kim contends that the Circuit Court erred by admitting hearsay evidence at his probation revocation hearing in violation of his constitutional rights of confrontation and due process.  He also argues that the written notice of his alleged probation violations did not meet the minimum requirements of due process.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kim's point of error as follows:

---

[1]     The Honorable Shackley F. Raffetto presided.

Kim's probation was revoked based solely on the testimony of his Maui Drug Court Case Manager who, without any personal knowledge or investigation of the matter, related the details of a Maui County Correctional Center (**MCCC**) incident report to the court.  As the State has acknowledged on appeal, a defendant has a due process right to confront adverse witnesses in a revocation hearing and, absent good cause shown by the State, a parolee has a right to confront and/or cross-examine the witnesses against him.  See, e.g., State v. Quelnan, 70 Haw. 194, 199-200, 767 P.2d 243, 246-47 (1989); Ringor v. State, 88 Hawai'i 229, 236, 965 P.2d 162, 169 (App. 1998); Morrissey v. Brewer, 408 U.S. 471, 483-84 (1972).  Here, the circuit court permitted the Case Manager's hearsay testimony, over Kim's objection, without any showing of good cause.  There was no other evidence presented in support of revocation of Kim's probation.

Accordingly, we vacate the Circuit Court's May 7, 2009 Revocation Order and remand for further proceedings.[2]

DATED:  Honolulu, Hawai'i, October 15, 2010.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[2]  We need not reach Kim's other points on appeal.